■ In the Matter of CLERMONT YORK ASSOCIATES, Appellant, v JOSEPH B. LYNCH, Respondent, and CLERMONT YORK TENANTS ASSOCIATION, Intervenor-Respondent. [707 NYS2d 44] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about August 12, 1999, which denied petitioner's application pursuant to CPLR article 78 to modify respondent's order, dated March 18, 1999, to the extent that it revoked that portion of the District Rent Administrator's order approving a major capital improvement (MCI) rent increase for facade restoration, and dismissed the petition, unanimously affirmed, without costs.

On April 17, 1998, respondent's District Rent Administrator granted petitioner's application for a MCI rent increase for facade restoration and roof replacement that petitioner completed six years earlier. On June 6, 1998, after the tenants had filed their Petitions for Administrative Review (PARs), a portion of the facade of the subject premises collapsed, forcing the closure of York Avenue for two days and resulting in the placement of an emergency violation on the subject premises by the New York City Department of Buildings. Respondent Commissioner granted the PARs to the extent of revoking the MCI rent increase for facade restoration and this article 78 proceeding was commenced.

Respondent Commissioner's determination revoking the District Rent Administrator's approval of a MCI rent increase for facade restoration was neither made in violation of respondent's rules of review nor arbitrary and capricious. Contrary to petitioner's contentions, the Commissioner was not precluded from considering de novo the new evidence concerning the facade collapse, which could not have been submitted with the tenants' PARs, and revocation of the MCI rent increase, rather than its suspension, was completely warranted on the instant facts. Furthermore, petitioner did not demonstrate that it suffered substantial prejudice as a result of administrative delay. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.